IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS HOHMAN and<br>DUANE GULISH<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BLOOMIN' BRANDS, INC.<br>d/b/a BONEFISH GRILL,<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:　Case No.　2:18-cv-1700<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bloomin' Brands, Inc. (incorrectly designated as Bloomin' Brands, Inc. d/b/a Bonefish Grill) (hereinafter "Bloomin' Brands") by and through its undersigned attorneys, hereby removes the above-captioned action from the Court of Common Pleas for Allegheny County, Pennsylvania where it is pending as Case No. GD-18-015493, to the United States District Court for the Western District of Pennsylvania.

As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bloomin' Brands satisfies the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of its Notice of Removal, Bloomin' Brands states as follows:

## THE STATE COURT ACTION

1.　　Plaintiffs Phyllis Hohman and Duange Gulish ("Plaintiffs") are individuals who reside at 9582 Babcock Bouldevard, Allison Park, Allegheny County, Pennsylvania 15101. *See* Complaint, attached hereto as Exhibit A, at ¶ 1.

2. Plaintiffs filed the Complaint on November 27, 2018. Plaintiffs' counsel served a copy of the Complaint on Bloomin' Brands' via certified mail on December 3, 2018. *See* a copy of the Proof of Service, attached hereto as Exhibit B.

3. The action is for damages arising out of physical injuries allegedly sustained by Plaintiff Hohman after an alleged fall at the Bonefish Grill restaurant located at 8950 Covenant Avenue, Pittsburgh, Allegheny County, Pennsylvania 15237. *See* Ex. A, at ¶¶ 2, 12.

4. Plaintiff Hohman asserts a negligence claim against Bloomin' Brands and Plaintiff Gulish asserts a claim for loss of consortium. *Id.* at ¶¶ 16-23.

## DIVERSITY JURISDICTION

5. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

6. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

7. Plaintiffs' verified Complaint declares that Phyllis Hohman and Duane Gulish are both individuals who reside in Pittsburgh, Pennsylvania. Plaintiffs are therefore citizens of the Commonwealth of Pennsylvania. *See* Exhibit A, at ¶ 1.

8. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1)

9. At all relevant times, Bloomin' Brands was and is a Delaware corporation with its principal place of business located at 2202 North West Shore Boulevard, Suite 500 in Tampa, Florida 33607.

2

10. Therefore, for diversity of citizenship purposes, Bloomin' Brands is a citizen of the State of Florida and the State of Delaware.

11. Complete diversity exists here as Plaintiffs are citizens of the Commonwealth of Pennsylvnaia and Bloomin' Brands is a not a citizen of Pennsylvania.

12. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

13. The sum demanded in the complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

14. According to the Complaint, Plaintiffs seek damages against Bloomin' Brands "in excess of the jurisdictional limits of compulsory arbitration, together with punitive damages, court costs, interest and such other relief as the Court may deem just and reasonable." *See* Exhibit A, at ¶ 20. Plaintiffs further aver that Ms. Hohman sustained numerous injuries, "some or all of which are or may be permanent or on-going. . ." *See* Exhibit A, at ¶ 14. The enumerated injuries include "great pain, suffering…mental anguish…emotional and psychological trauma. *See* Exhibit A, at ¶ 14(a). Plaintiffs also allege that Ms. Hohman "will be required to expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines, and other attendant services." *See* Exhibit A, at ¶ 14(b). Ms. Hohman has also alleged that she "has sustained lost earnings and her earning capacity has ben and may be permanently impaired." *See* Exhibit A, at ¶ 14(d).

15. Based on Plaintiffs' allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

3

16. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

17. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

18. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *Id.* § 1441(b).

19. Plaintiffs filed this action in the Court of Common Pleas of Allegheny County. The Western District of Pennsylvania is the judicial district embracing Allegheny County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

20. Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b).

21. Bloomin' Brands was served with the Complaint on December 3, 2018. Bloomin' Brands is filing this notice within thirty (30) days of service of the Complaint pursuant to 28 U.S.C. § 1446(b). Therefore, this removal is timely because 30 days have not elapsed from the date that Bloomin' Brands was served with Plaintiffs' Complaint.

22. Pursuant to Section 1446(b)(2)(A), Bloomin' Brands, the only defendant, consents to removal.

23. Further, pursuant to Section 1446(a), Bloomin' Brands is simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Allegheny County in this removed action. Attached hereto as Exhibits A and B.

24. Additionally, Bloomin' Brands is filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Allegheny County. *See* 28 U.S.C. § 1446(d).

25. Bloomin' Brands reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant Bloomin' Brands, Inc., hereby removes this action now pending against it in the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

Date: December 28, 2018                     Respectfully submitted,

COZEN O'CONNOR

BY:   */s/ Matthew F. Smith*
      Matthew F. Smith (#82194)
      One Oxford Centre
      301 Grant Street, 41st Floor
      Pittsburgh, Pennsylvania 15219
      (t) 412-620-6500
      mfsmith@cozen.com
      *Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS HOHMAN and<br>DUANE GULISH,<br><br>      Plaintiffs,<br><br>v.<br><br>BLOOMIN BRANDS, INC.<br>d/b/a BONEFISH GRILL,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:  Case No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Matthew F. Smith, hereby certify that, on this 28th day of December, 2018, a true and correct copy of the foregoing Defendant's Notice of Removal of Civil action was served upon counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF and/or via email to the following counsel of record:

          Finnian M. Carstens, Esquire
          PORTA-CLARK & WARD
          100 Fleet Street, Suite 101
          Pittsburgh, PA 15220
          fcarstens@pcw-law.com

Dated: December 28, 2018              /s/ Matthew F. Smith
                                                 Matthew F. Smith (#82194)
                                                 One Oxford Centre
                                                 301 Grant Street, 41st Floor
                                                 Pittsburgh, PA 15219
                                                 (t) 412-620-6500
                                                 mfsmith@cozen.com
                                                 *Attorney for Defendant*