# Exhibit A

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 11/27/2018

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

02/25/2019

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
|---|---|
| Gulish Duane <br> Hohman Phyllis | GD-18-015493 <br><br> Type of pleading: <br> Complaint <br><br> Filed on behalf of: <br> Hohman Phyllis <br><br> Carstens M Finnian <br> (Name of filing party) |
| Defendant(s) | VS |
| Bloomin' Brands Inc, Bonefish Grill dba | [X]  Counsel of Record <br><br> [ ]  Individual, If Pro Se <br><br> Name, Address and Telephone Number: <br> Carstens M Finnian <br><br> 412 9217350 <br> Attorney's State ID: 209263 |

Michael McGeever, Director, Department of Court Records

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

PHYLLIS HOHMAN and DUANE GULISH,          CIVIL DIVISION

                  Plaintiffs,          Docket No.:

      vs.          Code No.:   03

BLOOMIN' BRANDS, INC. d/b/a BONEFISH
GRILL,
                Defendant.

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiffs:

Phyllis Hohman and Duane Gulish

Counsel of Record for this Party:
Finnian M. Carstens, Esquire
Pa I.D. # 209263

Porta-Clark + Ward, LLC
100 Fleet Street, Suite 101
Pittsburgh, PA  15220
Tele # (412)921-7350
Fax # (412)921-7351

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

PHYLLIS HOHMAN and DUANE          CIVIL DIVISION
GULISH,

                                Docket No.:

               Plaintiffs,

      vs.

BLOOMIN' BRANDS, INC. d/b/a
BONEFISH GRILL,

               Defendant.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor, Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA  15219**
**(412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

PHYLLIS HOHMAN and DUANE GULISH,          CIVIL DIVISION

                    Plaintiffs,          Docket No.:

      vs.

BLOOMIN' BRANDS, INC. d/b/a BONEFISH
GRILL,
                Defendant,

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiffs, Phyllis Hohman and Duane Gulish, by and through her

attorneys, Finnian M. Carstens, Esquire, and Porta-Clark + Ward, LLC, and complains and

alleges as follows:

      1.     Plaintiffs Phyllis Hohman and Duane Gulish are adult individuals who reside at

9582 Babcock Boulevard, Allison Park, Allegheny County, PA 15101.

      2.     Defendant Bloomin' Brands, Inc., is a Delaware Corporation with a home office

address located at 2202 N. West Shore Boulevard, Suite 500, Tampa, FL 33607. Defendant

Bloomin' Brands, Inc., does business as Bonefish Grill and owns and operates a restaurant

named Bonefish Grill located at 8950 Covenant Avenue, Pittsburgh, Allegheny County, PA

15237 (the "premises.")

      3.     At all times relevant to this matter, the Defendant owned, possessed, maintained

and/or controlled the above-described premises and had a duty, or an implied duty, to maintain,

inspect and/or repair the premises.

4.     On or about 8/20/2018 the Plaintiff was an invitee, lawfully on the aforementioned premises of the Defendant.

5.     At all times relevant and material hereto, there existed a dangerous, defective, hazardous and unsafe condition on the premises of the Defendant, characterized by floors which were generally slippery and prone to cause people in the restaurant to fall when traversing them.

6.     On or prior to 8/20/2018, employees of Defendant received complaints that the dining room flooring was slippery and difficult to walk upon.

7.     On or prior to 8/20/2018, patrons and employees had fallen on the generally slippery conditions of the dining room flooring.

8.     On or prior to 8/20/2018, managers and employees at the premises were aware that the floors of the premises were generally slippery.

9.     On or prior to 8/20/2018, managers and employees at the premises was aware that several people had fallen on the slippery floors of the premises.

10.    On or prior to 8/20/2018, management at the premises had made requests to the corporate office that something be done to address the generally slippery floors and nothing had been done.

11.    Plaintiffs believe, and therefore aver, that the incidence rate among other patrons being caused to fall, like Plaintiff, under similar circumstances is so prevalent that Defendant require its own employees to purchase and wear special traction shoes to prevent them from falling at the restaurant, including the area where Plaintiff fell.

12.    Plaintiff was caused to trip, slip and/or otherwise lose her balance as a result of coming into contact with the aforementioned defective condition.

13.   As a direct and proximate result of the aforementioned accident, Plaintiff Phyllis

Hohman sustained the following injuries, some or all of which are or may be permanent:

    a.    Fractured left wrist;

    b.    Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

    c.    Nervousness, emotional tension, anxiety and depression.

14.   As a direct and proximate result of the aforementioned accident, Plaintiff Phyllis

Hohman sustained the following damages, some or all of which are or may be permanent or on-

going:

    a.    She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma.

    b.    She has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services.

    c.    Her general health, strength and vitality have been impaired.

    d.    She has sustained lost earnings and her earning capacity has been and may be permanently impaired;

    e.    She has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

15.   At all times relevant and material herein, Defendant knew or should have known of

the dangerous, hazardous, unsafe and defective condition that existed on the premises.

Defendant failed to take any steps to eliminate the hazard, reduce its danger to invitees, or

otherwise warn users, including the Plaintiff, of its dangerous, hazardous, unsafe and defective

condition.

### COUNT I
### Plaintiff Phyllis Hohman v. Defendant Bloomin' Brands, Inc. d/b/a Bonefish Grill
### Negligence

16. All preceding paragraphs of this Complaint are incorporated by reference.

17. At all relevant times, Defendant knew or should have known of the dangerous, hazardous, unsafe and defective condition that existed on the premises.

18. At all relevant times, Defendant had a duty, or an implied duty, to maintain, inspect and/or repair the premises including the flooring.

19. At all relevant times, Defendant failed to take any steps to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including the Plaintiff, of its dangerous, hazardous, unsafe and defective condition.

20. Plaintiff's injuries and damages were a direct and proximate result of Defendant's negligence, recklessness and carelessness in the following particulars:

    a.    Causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

    b.    In providing a premises that was unsafe for use;

    c.    In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

    d.    In inadequately repairing, replacing or addressing the defective nature of the floor;

    e.    In failing to recognize the dangerous condition of the floor involved an unreasonable risk of harm;

    f.    In recognizing the dangerous condition of the floor, in recognizing the unreasonable risk that it posed and failing to repair, replace or address the dangerous condition.

    g.    In recognizing the dangerous condition of the floor, in recognizing the unreasonable risk that it posed, and in refusing to eliminate the risk it

posed;

h.   In permitting the defective floor to exist on the premises;

i.   In failing to select and retain competent employees and management to effectively, adequately and safely perform inspection, maintenance and repair of the premises;

j.   In failing to warn users, including the Plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

k.   In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

l.   In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from transversing through the dangerous, hazardous, unsafe and defective condition;

m.   In negligently designing, constructing, maintaining repairing, and operating the premises such that Plaintiff was caused to fall;

n.   In failing to timely, properly, or regularly inspect the premises for defects; and

o.   In failing to remove, repair or cordon off the unsafe condition on the premises.

WHEREFORE, Plaintiff demands for judgment against the above Defendant in an amount in excess of the jurisdictional limits for compulsory arbitration, together with punitive damages, court costs, interest and such other and further relief as the Court may deem just and equitable.

## COUNT II
### Plaintiff Duane Gulish v. Defendant Bloomin' Brands, Inc. d/b/a Bonefish Grill
### Loss of Consortium

21.   All preceding paragraphs of this Complaint are incorporated by reference.

22.   At all relevant times Plaintiffs Phyllis Hohman and Duane Gulish have resided together as husband and wife.

23.   As a direct and proximate result of the conduct of the Defendant, Plaintiff Duane

Gulish suffered the following damages:

a.  He has been deprived of the services, assistance and companionship of his wife;

b.  He has been required to expend sums of money for medical services and supplies for the treatment of his wife's injuries; and

c.  He has and will suffer emotional stress, tension and anxiety.

WHEREFORE, Plaintiff demands for judgment against the above Defendant in an amount in excess of the jurisdictional limits for compulsory arbitration, together with punitive damages, court costs, interest and such other and further relief as the Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Porta-Clark + Ward, LLC

Finnian M. Carstens, Esquire
Pa I.D. # 209263

Attorney for Plaintiffs
100 Fleet Street, Suite 101
Pittsburgh, PA  15220
(412)921-7350

## VERIFICATION

We, Phyllis Hohman and Duane Gulish, being duly sworn according to law, depose and say that the facts contained in the foregoing Complaint in Civil Action are true and correct to the best of our knowledge, information and belief.  We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Phyllis Hohman

_____
Duane Gulish